## GIBSON et al. v. BOARD OF COM'RS OF OKFUSKEE COUNTY.

No. 8692—Opinion Filed April 27, 1920.

(Syllabus by the Court.)

**Highways—Contract for Repairs—Default of Contractor—Action by County on Bond for Cost of Repairs.**

Where a party contracts with a county to construct a certain road and to maintain same in a state of repair, specified in the contract, and for a period of time provided for in the contract, and fails to comply with the provisions of such contract as to maintaining said road in a state of repair, and the county, upon his refusal to do so, is compelled to place same in a proper state of repair, such contractor and his bondsmen will be held liable for the cost of such repair; and where the verdict of the jury is reasonable and is reasonably supported by the evidence in the case, the verdict will not be disturbed.

Error from County Court, Okfuskee County; T. H. Wren, Judge.

Action by the Board of Commissioners of Okfuskee County against Kelly F. Gibson, doing business under the firm name and style of Kelly F. Gibson Construction Company, and another. Judgment for plaintiff, and defendants bring error. Affirmed.

J. B. Patterson, for plaintiffs in error.

T. S. Hurst, S. L. O'Bannon, and J. L. Norman, for defendant in error.

HARRISON, J. This is an appeal by the United States Fidelity & Guaranty Company and Kelly F. Gibson, obligors, from a judgment against them in favor of the board of county commissioners of Okfuskee county. The suit was instituted by the county commissioners in their official capacity against defendants below for failure on the part of said Gibson to maintain, according to the provisions of his contract, a certain road which he had constructed in said county.

The case might properly be disposed of for failure on the part of plaintiffs in error to comply with rule No. 26 of this court (47 Okla. x); but, as the record and briefs are before us, and as the verdict seems to be so in accord with the facts in the case, we will determine the case upon its merits.

There are three propositions upon which reversal is sought, viz: The overruling of defendants' demurrer to the evidence; the admission of incompetent, immaterial, and irrelevant evidence; and that the court misdirected the jury as to the law. These assignments of error we have looked into sep

arately, and, from an examination of the record and the law applicable to the facts therein, we do not feel that either or all of them justify a reversal of the judgment.

The provisions of the contract are reasonably plain, and the road was constructed under the terms thereof, and was to be maintained for a period of time under the conditions therein prescribed; Gibson failed to maintain the road as the terms of the contract provided; the county commissioners, after due estimate of the cost, brought suit against Gibson and his sureties, the United States Fidelity & Guaranty Company, for the cost of putting the road in repair; the case was fairly tried, and the law applicable to the facts properly submitted to the jury; the verdict of the jury was several hundred dollars less than the cost of the repairs, and being amply supported by the evidence, we see no reason for disturbing the verdict.

It is urged at considerable length by plaintiffs in error that an erroneous construction was placed upon the contract by the commissioners and the State Highway Commissioner, and that the notices to defendants below as to the condition of the road and necessity for repair were defective; these contentions, however, we have examined, and must conclude that they are without merit.

It is our opinion that the verdict of the jury should stand. The judgment is therefore affirmed.

OWEN, C. J., and RAINEY, KANE, JOHNSON, and BAILEY, JJ., concur.